**WEST v. UNITED STATES.**

Misc. No. 358.

United States Court of Appeals,
District of Columbia Circuit.

Decided April 1, 1954.

On Petition for Reconsideration
June 20, 1955.

Mr. Kingdon Gould, Jr., Washington, D. C. (appointed by this Court), for petitioner.

Mr. William R. Glendon, Asst. U. S. Atty. at the time of argument, with whom appeared Messrs. Charles M. Irelan, U. S. Atty. at the time of argument, and William E. Kirk, Jr., Asst. U. S. Atty. at the time the petition was filed, for respondent. Mr. Leo A. Rover, U. S. Atty., also entered appearance for respondent.

Before STEPHENS, Chief Judge, and PROCTOR* and BAZELON, Circuit Judges.

STEPHENS, Chief Judge.

This case, like Gerringer v. United States, 93 U.S.App.D.C. 403, 213 F.2d 346, is before the court on a "Motion for Permission to Appeal in *Forma Pauperis*" and upon an additional "Motion for Leave to Apply to District Court for Permission to Appeal in *Forma Pauperis*". As will appear below, the relevant proceedings in the instant case in both the United States District Court for the District of Columbia and in this Court of Appeals were similar to the proceedings in the Gerringer case.

West was convicted in the District Court of assault with a dangerous weapon and was sentenced on December 17, 1948 to a term of two to six years imprisonment. On the 3d day of September, 1952 he filed a motion in the District Court, under 28 U.S.C. § 2255 (Supp.1952) to set aside the conviction and vacate the judgment.[1] On October 13, 1952 the District Court entered an order denying that motion. On October 20, 1952, the Clerk of the District Court wrote, and apparently on the same day mailed, a letter to West notifying him that the motion had been denied, but not stating the date of the denial. Thereafter, on or about December 17, 1952, the Clerk of this Court of Appeals received through the mail a motion by West for permission to appeal in *forma pauperis*. The motion did not indicate the date of the entry of the order from which West sought leave to appeal; it moved merely for "permission to appeal in forma pauperis from the judgement [sic] of the lower court in denying his motion, filed with such court in August 1952, alleging that he was illegally convicted, which motion was filed pursuant to Section 2255, Title 28, U.S.C." The motion stated also that "attached hereto is a copy of the letter of denial dated October 20, 1952 from the Clerk's Office of the United States District Court, D. C." On December 24, 1952, the motion was returned by the Clerk of this Court of Appeals to West for the reasons, as stated in an accompanying letter from the Clerk, that an insufficient number of copies of the motion had been submitted in view of the requirements of the General Rules of this court,[2] and that the form of proof of service of the motion was not in conformity with Rule 31(h) of the General Rules.[3] The letter of the Clerk referred to the motion as a motion for permission to appeal in *forma pauperis* "from a judgment of the United States District

---

* Circuit Judge PROCTOR, who heard the argument on the motions, died before this decision.

1. "* * * A motion for such relief may be made at any time. * * *" (28 U.S.C. § 2255 (Supp.1952))

2. Rule 31(f) of the General Rules (1952) provides, in part, as follows: "An original and one conformed legible copy of the papers enumerated in subdivision (k) of this rule shall be filed. . . . If additional copies are desired for the use of the court, the parties shall furnish them on demand of the clerk." Rule 31(k) enumerates the types of motions upon which the Chief Judge may rule in chambers and among them includes petitions or motions to proceed in *forma pauperis*. The Clerk's letter requested West to furnish three conformed copies of the motion. The Clerk made that request so that there would be one copy for the use of each of three circuit judges who, notwithstanding the provision of Rule 31(k) authorizing the Chief Judge alone to act on such motions, would, according to the usual practice of this court, be assigned to consider and determine a motion for leave to appeal in *forma pauperis*, if contested.

3. Rule 31(h) of the Rules of this court (1952) provides as follows:

"*Form of Proof of Service.* Proof of service, *stating the name and address of the person on whom served, and the manner and date thereof,* shall be shown on each paper filed with the clerk of this court, and may be made by (1) written acknowledgment of the party served or his counsel; (2) the certificate of counsel if he shall have made the service; or (3) the affidavit of the person, not counsel, making the service."

The only proof of service of the submitted motion for permission to appeal *in forma pauperis* was the unsworn statement by petitioner: "Copy served on U. S. Attorney Irelan, by U. S. Mail, postage prepaid, on this date."

Court entered herein October 20, 1952." On January 15, 1953, the Clerk again received West's motion, with the required number of copies and with a proper affidavit of service. Authority to file the motion without prepayment of costs was given to the Clerk by the Chief Judge on February 11, 1953. On February 13, 1953, the Government filed with the court an opposition to West's motion, contending therein that it should be denied for the reason that West had failed to show (1) that a request for leave to appeal *in forma pauperis* had been made in the District Court and· (2) the action, if any, of the District Court on such a request. In support of its opposition, the Government cited Waterman v. McMillan, 77 U.S.App.D.C. 310, 135 F.2d 807 (D.C. Cir., 1943), certiorari denied, 322 U.S. 749, 64 S.Ct. 1160, 88 L.Ed. 1599 (1944). In that case, in interpreting the then applicable statute [4] and outlining the procedure to be followed under it the court said:

* * * The purpose of the statute is that the application to proceed in forma pauperis, accompanied by the affidavit, should promptly be made to the District Court, in the first instance, to enable that court, with its full and immediate knowledge of the facts, to determine whether the appeal has been taken in good faith, and if it reaches a contrary conclusion, to make its certificate accordingly. . . . If the District Court fails to act within a reasonable time, or if it denies the application to proceed in forma pauperis, and fails to certify that the appeal is not taken in good faith, then an application to proceed in forma pauperis may be made directly to this court. In any event, the applicant must show that the District Court has been given an opportunity to certify upon the question of good faith, and the action, if any, which it took. It is obvious that if anything less were required it would be possible for an applicant, by failing to give such opportunity, or by disregarding an adverse certificate of the District Court, to circumvent the requirement of the statute, and perhaps to. defeat its salutary purpose. [135 F.2d at page 808]

The Government also asserted that "there was nothing which might be construed as a notice of appeal filed in the District Court or in this Court within the sixty-day period for taking an appeal from the denial of the motion to vacate on October 13, 1952." [5]

On February 19, 1953, this court at the request of West appointed counsel to represent him.[6] The subsequent pro-

4. At the time Waterman v. McMillan was decided, the statute applicable to proceedings *in forma pauperis* was. 28 U.S.C. § 832 (1940). That statute provided that any citizen, upon filing the prescribed affidavit of poverty and as to the merits of his proposed appeal, "may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or an appeal to the circuit. court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, *unless the trial court shall certify in writing that in the opinion of the court such appeal is not taken in good faith,* without being required to prepay fees or costs.· . . ." (Emphasis supplied) The presently applicable statute is 28 U.S.C. § 1915 (Supp.1952). It provides in part as follows: "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. . . . *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.* . . ." (Emphasis supplied) Due to the substantial similarity of the two statutes, the procedure under the one presently in effect is identical with that outlined in Waterman v. McMillan. The courts have so announced. Cf. Higgins v. Steele, 195 F.2d 366, 369 (8th Cir. 1952); Bernstein v. United States, 195 F.2d 517 (4th Cir.), certiorari denied, 343 U.S. 980, 72 S.Ct. 1081, 96 L.Ed. 1371 (1952); Newman v. United ·States, 87 U.S.App.D.C. 419, 184 F.2d 275 (D.C.Cir.1950), certiorari denied, 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665 (1951); Wheeler v. Reid, 84 U.S.App. D.C. 180, 175 F.2d 829 (D.C.Cir.1948).

5. An appeal from an order denying a motion under 28 U.S.C. § 2255 (Supp.1952) is governed by the civil rules applicable to appeals from final judgments in habeas corpus actions and is therefore timely when taken within 60 days after the date of entry of the order. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Mercado v. United ·States, 183 F.2d 486 (1st Cir. 1950).

6. Because of the similarity of the issues arising under the motions filed in this court in the instant case and in the Gerringer case, the court appointed the same counsel to represent both Gerringer and West.

ceedings in this court in the instant case and in the Gerringer case, although the cases were not consolidated, were similar and simultaneous. Thus, like Gerringer in the Gerringer case, West in the instant case, through counsel thus appointed, filed with this court his motion for leave to apply to the District Court for permission to appeal *in forma pauperis*. Like Gerringer, West admitted that he had not followed the procedure for seeking leave to appeal *in forma pauperis* required by 28 U.S.C. § 1915 (Supp.1952) and described in Waterman v. McMillan. However, and again like Gerringer, he contended that extenuating circumstances existed which were sufficient to warrant the granting by this court of his motion for leave to apply to the District Court, to wit: at the time he mailed to this court his motion for permission to appeal *in forma pauperis* he had no counsel and was personally unfamiliar with the proper procedure; also the delay by the Clerk of this court, in returning to him, West, his motion for permission to appeal *in forma pauperis* had "prevented him from learning the proper procedure until the time for making use of it had lapsed." On March 31, 1953 the Government filed an opposition to the motion for leave to apply to the District Court for permission to appeal *in forma pauperis*. The Government urged, as it did in the Gerringer case, that this court lacked jurisdiction to entertain the motion because West had not, within the time prescribed by law, "in any wise indicated to the District Court his intention to appeal." In support of that contention the Government again, i. e., as in the Gerringer case, cited Spengler v. Hughes Tool Co., 169 F.2d 166 (10th Cir., 1948); Lamb v. Shasta Oil Co., 149 F.2d 729 (5th Cir., 1945); and Tinkoff v. West Pub. Co., 138 F.2d 607 (7th Cir., 1943), certiorari denied, 322 U.S. 740, 64 S.Ct. 1054, 88 L.Ed. 1574, rehearing denied, 322 U.S. 773, 64 S.Ct. 1282, 88 L.Ed. 1597 (1944). Cf. also Matton Steamboat Co., Inc. v. Murphy, 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943) and Ex parte Farrell, 189 F.2d 540 (1st Cir.), certiorari denied sub nom. Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951).

Arguments in behalf of both parties on West's motion for leave to apply to the District Court for permission to appeal *in forma pauperis* and on the Government's opposition thereto were heard by this court on April 2, 1953, simultaneously with the hearing on Gerringer's similar motion and the Government's similar response thereto in the Gerringer case. Thereafter, West filed in this court a "memorandum in support of oral argument," in which he for the first time contended that by reason of the receipt by the Clerk of this court on or about December 17 of his motion for permission to appeal *in forma pauperis* this court had acquired jurisdiction to entertain his, West's, motion for leave to apply to the District Court for permission to appeal *in forma pauperis*. West relied principally upon the ruling and reasoning of the court in Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 159 F.2d 163 (2d Cir., 1946). That case is discussed in this court's opinion in the Gerringer case.

It is clear, in view of the ruling in Gerringer v. United States, that if West had submitted to this court, within the time for taking an appeal, his motion for permission to appeal *in forma pauperis*, this court would have jurisdiction under the circumstances of the instant case, similar as they are to those in the Gerringer case, to entertain both West's motion for permission to appeal *in forma pauperis* and his motion for leave to apply to the District Court for permission to appeal *in forma pauperis*; that is to say, the filing in the wrong court of West's motion for permission to appeal *in forma pauperis* would not alone be fatal. Since West in the instant case, like Gerringer in the Gerringer case, was an indigent layman not represented by counsel and was personally unfamiliar with the correct procedure, this court would be justified, in the exercise of its discretion, in disregarding the procedural irregularity in the interest of

substantial justice. But in the Gerringer case Gerringer had notified this court *within the time for taking an appeal* of his intention to appeal *in forma pauperis;* that is to say, Gerringer submitted his motion to this court within the prescribed time. In the instant case, West submitted his motion for permission to appeal *in forma pauperis* on or about December 17, 1952, which was more than 60 days after the entry of the order of October 13, 1952 from which he sought to appeal and was thus after the time provided for taking an appeal had expired. The question now before this court, not presented in the Gerringer case, is whether the court is disabled to entertain West's motions for the reason that the motion for permission to appeal *in forma pauperis,* West's sole indication of his intention to appeal, was originally submitted to this court *after the time provided for taking an appeal had expired.*

The authorities cited by the Government, as well as many other decisions by federal courts, hold that the filing of a notice of appeal within the time prescribed by law is essential to the jurisdiction of the Court of Appeals. But this court in Williams v. United States, 88 U.S.App.D.C. 212, 188 F.2d 41 (D.C. Cir., 1951), accepted jurisdiction where the failure to file, within the time for taking an appeal, a notice of appeal or its legal equivalent was thought to be excusable because of circumstances similar to those in the instant case. In the Williams case the petitioner, Williams, convicted in the United States District Court for the District of Columbia of assault with a dangerous weapon, and of carrying a deadly weapon, was sentenced on March 24, 1950 to serve a term of imprisonment. Under Rule 37(a)(2) of the Federal Rules of Criminal Procedure, 18 U.S.C., he had ten days within which to take an appeal from that judgment. While confined in the District of Columbia jail he *pro se*

prepared a communication to the District Court indicating an intention to appeal from the conviction. That communication was subscribed and sworn to on March 30, 1950 before a Notary Public employed at the jail, and in accordance with the customary procedure it was delivered on the following day to a deputy United States marshal for delivery to the office of the Clerk of the District Court. But it was not received there until April 4, 1950 which was one day after the expiration of the time for filing a notice of appeal. Apparently the required fee of $5.00 for filing the notice of appeal did not accompany the petitioner's communication. The Government moved to dismiss the appeal. In denying the motion this court, in a *per curiam* opinion, ruled:

* * * It is clear that petitioner's communication of March 30, 1950 to the clerk of the District Court indicated an intention to appeal. Moreover the communication was prepared in time, and the petitioner did all he could do to have it delivered to the clerk of the District Court in time. The fact that it reached the office of the clerk a day late was not the petitioner's fault. Had the notice of appeal been delivered promptly it would have reached the clerk in advance of the expiration of the time for appeal and the clerk could have informed the petitioner of the five dollar filing fee in time to have enabled him to pay it. In such a situation, therefore, the filing was not ineffective because appellant did not tender the filing fee. In the circumstances we think the communication should be treated as submitted in time. Wallace v. United States, 8 Cir., 1949, 174 F.2d 112, certiorari denied, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749, rehearing denied, 338 U.S. 842, 70 S.Ct. 30, 94 L.Ed. 515. Cf. Remine v. United States, 6 Cir., 1947, 161 F.2d 1020; Oddo v. United States, 2 Cir., 1949, 171 F.2d 854. [188 F.2d at page 42]

Cf. Wallace v. United States, 174 F.2d 112 (8th Cir.), certiorari denied, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749, rehearing denied, 338 U.S. 842, 70 S.Ct. 30, 94 L.Ed. 515 (1949); Oddo v. United States, 171 F.2d 854 (2d Cir., 1949); Carter v. United States, 168 F.2d 310 (10th Cir., 1948); Remine v. United States, 161 F.2d 1020 (6th Cir.), certiorari denied, 331 U.S. 862, 67 S.Ct. 1759, 91 L.Ed. 1868 (1947).[7]

---

7. In Remine v. United States the Court of Appeals held that the timeliness prescribed

by Rule 37(a)(2) of the Federal Rules of Criminal Procedure "could not reasonably

In the instant case, as appears at the outset of this opinion, the notice sent West by the Clerk of the District Court, which was dated and presumably mailed on October 20, 1952, did not inform West as to the date (October 13) of the denial of West's motion in the District Court to set aside the conviction and vacate the judgment. West relied upon October 20 as the date of the denial of his motion by the District Court. This is evidenced by the statement in his motion sent the Clerk of this Court of Appeals to which he attached what he described as "a copy of the *letter of denial* dated October 20, 1952 from the Clerk's Office of the United States District Court, D.C." (Emphasis supplied). West's reliance upon October 20 as the date of the denial of his motion by the District Court was, we think, reasonable. He could reasonably assume that information furnished him by an official of the District Court was correct. Under these circumstances, since West's motion for permission to appeal *in forma pauperis* reached the Clerk of this Court of Appeals (on or about December 17) within 60 days of October 20, it would, we think, be extremely harsh to rule that West is deprived of a right to seek permission to appeal *in forma pauperis*. And we think that in view of the ruling of this Court in the Williams case it is not necessary so to rule. In that case Williams' notice of appeal, as delivered

to the deputy marshal by Williams, would have reached the Clerk of the District Court in time except for the failure of the deputy marshal—upon prompt action by whom Williams had a reasonable right to rely—to deliver it promptly. In the instant case West's motion reached the Clerk of this Court of Appeals within 60 days of the date, October 20, upon the correctness of which, as the date when the 60-day period within which he must evidence his intention to appeal commenced to run, West had a right to rely. We think that under these circumstances West's motion should be treated as submitted in time.

We take note of Rule 77(d), Federal Rules of Civil Procedure, 28 U.S.C., providing that immediately upon the entry of an order or judgment the Clerk of the District Court shall serve a notice of the entry by mail upon every party affected thereby who is not in default for failure to appear, and providing also that lack of notice of the entry by the Clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a). The full text of Rule 77(d) is set forth in the margin.[8] That Rule is applicable only if the proceeding initiated by West's motion, under 28 U.S.C. § 2255 to set aside the conviction and vacate the judgment, is civil

be required of the appellant, confined in a penitentiary of the United States some 2600 miles away from the district court in which he was convicted and sentenced." (161 F.2d 1020, 1021) The nature of the circumstances surrounding the tardy filing of the notice of appeal or application for leave to appeal *in forma pauperis* does not appear more clearly in the report of the case; but it may be assumed that the untimeliness of the filing was due to the time consumed in transmitting, over a great distance, from the clerk of the court to the appellant the notice of the order sought to be appealed from and in transmitting the notice of appeal or application for leave to appeal *in forma pauperis* from the appellant to the clerk of the court.

8. Rule 77(d) provides:

(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a).

in nature.[9] But we need not now decide whether such a proceeding is civil or criminal in nature because, assuming that it is civil and Rule 77(d) therefore applicable, the last sentence of that Rule would not be applicable in the instant case because West in computing the time did not rely upon the absence of a notice from the Clerk of the District Court, and did not rely upon the lateness of the notice; what he did, as is pointed out above in this opinion, was to rely upon the notice as correct, i. e. he reasonably assumed that October 20 was the date of the order of the District Court denying his motion. Whatever may be the effect under Rule 77(d), where applicable, of a notice merely late rather than both late and incorrect, a question which we do not now decide, we adhere to the view above expressed that where a notice has misled one in the position of West to rely upon an incorrect date of the order from which an appeal is sought, the time within which application must be made for permission to appeal should commence to run from the date relied upon.

For the reasons above stated the court holds that the 60-day period for taking an appeal from the order of October 13, 1952 did not commence to run until October 20, 1952 and that therefore West's motion for permission to appeal *in forma pauperis* received by the Clerk of this Court of Appeals on or about December 17, 1952 was submitted within the time for taking an appeal. Consequently, on the basis of the decision of the court in Gerringer v. United States, this court has jurisdiction to entertain both of West's motions, although the motion for permission to appeal *in forma pauperis*— West's first indication of his intention to appeal—was submitted to this court rather than to the District Court. The court will deny the motion for permission to appeal *in forma pauperis* on the sole ground that no application has been made by West to the District Court for leave to proceed on appeal *in forma pauperis* as required by Waterman v. McMillan, supra. But for the reasons set forth in the court's opinion in Gerringer v. United States the motion for leave to apply to the District Court for permission to appeal *in forma pauperis* will be granted. West will be given leave to file, within ten days hereof, an application in the District Court for leave to appeal *in forma pauperis,* and the District Court will be directed to treat the application as filed within the time prescribed by law.

On Respondent's Petition for Reconsideration

Before STEPHENS,* Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges, in Chambers.

PER CURIAM.

■ ██ The government's petition for reconsideration brought to the Court's attention for the first time the fact that West had been given a conditional release from prison on March 23, 1953, prior to argument on the motion for leave to appeal *in forma pauperis,* and that he was on conditional release on April 1, 1954, the date of the above decision on the motion. The petition for

9. The Supreme Court, in ruling in United States v. Hayman, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232, fn. 4 (1952), that appeals from orders denying motions under § 2255 are governed by the civil rules applicable to appeals from final judgments in habeas corpus actions, referred only to the prior decision in Mercado v. United States, 183 F.2d 486 (1st Cir. 1950), in which the Court of Appeals, in making the same ruling, saw no occasion to consider "whether the instant proceeding is criminal or civil in nature, or whether perhaps it is by nature a sort of hybrid." This Court of Appeals has held that "a motion made under § 2255 is the beginning of a new proceeding, independent of that in which the judgment it attacks was entered" (Bruno v. United States, 86 U.S.App.D.C. 118, 120, 180 F.2d 393, 395 (D.C. Cir. 1950)), but has not decided whether this new proceeding is criminal or civil in character.

* Chief Judge STEPHENS, who participated in the consideration of the petition for reconsideration, died before the petition was decided.

reconsideration raised the question whether a prisoner on conditional release is "in custody" within the meaning of 28 U.S.C. §. 2255.[1] While the petition for reconsideration was pending, the Court was informed by West that he had been completely released and that he was no longer interested in prosecuting his appeal. The government informed the Court that it also considered the case moot. Since both parties agree that the case is moot because petitioner has been completely released, we need not and we do not pass upon the question whether one on conditional release is "in custody". The petition for reconsideration is therefore dismissed as moot.

Prettyman, Circuit Judge, dissented.

1. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."