**In re Marlene E. KEARNEY, Debtor.**

**P.S.T.C. EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,**

v.

**Marlene E. KEARNEY, Defendant.**

**Bankruptcy No. 88–13527F.
Adv. No. 89–0248F.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 19, 1989.

---

James Winfred Pearson, Jr., Rudolph Seidner, Philadelphia, Pa., for plaintiff, P.S.T.C. Employees Federal Credit Union.

Allan K. Marshall, Philadelphia, Pa., for debtor, Marlene E. Kearney.

Leslie Baskin, Philadelphia, Pa., trustee.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

Before me is defendant debtor's motion to dismiss an adversary proceeding commenced by a creditor, P.S.T.C. Employees Federal Credit Union. The basis of debtor's motion is that the plaintiff's "Complaint Objecting to Discharge of a Particular Debt" was filed untimely.[1] The plaintiff asserts that, under the circumstances, its complaint was filed in accordance with applicable bankruptcy rules. The relevant underlying facts are not disputed, and are as follows.

### I.

The defendant, Marlene Kearney, filed her chapter 7 bankruptcy petition on October 11, 1988. Pursuant to 11 U.S.C. § 341(a) the Clerk of the Bankruptcy Court on October 27, 1988 sent notice of the meeting of creditors, which was scheduled for November 17, 1988. The notice stated the date, time and place set for this meeting, identified the interim chapter 7 trustee (as well as the debtor and her attorney), and further stated that "the deadline for complaints is 01/16/89." Ex. A. This notice was sent to and received by the credit union.

The plaintiff and plaintiff's attorney appeared at the scheduled meeting of creditors; the interim trustee then informed those present that due to a potential conflict of interest he was being replaced by another interim trustee. The plaintiff was then told that the bankruptcy court would issue a notice naming the replacement interim trustee and scheduling another 341(a) meeting. Indeed, on January 4, 1989 the Clerk's office issued a notice setting January 26, 1989 as the new 341(a) meeting date. This notice, typed onto the same form as the notice issued in October, 1988, stated that the deadline for filing complaints was March 27, 1989. Ex. 1.

Plaintiff, accompanied by counsel, attended the January meeting of creditors and examined the debtor. The plaintiff thereafter filed an adversary proceeding on March 24, 1989, asserting that the debtor violated § 727(a)(4) by knowingly and fraudulently receiving money from the plaintiff credit union. This filing occurred well beyond the period established by Rule 4004(a), thus triggering the instant motion by the debtor.

The plaintiff urges that its complaint was filed timely in that it relied in good faith on the fact that "the Court, on its own motion, may and did extend the time to March 27, 1989," Plaintiff's Memorandum of Law at 1, and contends that this court should exercise its equitable power and allow the dischargeability complaint. The credit union further argues that the debtor is not prejudiced by having to answer to the complaint. For the reasons set forth below, however, I am constrained to grant debtor's motion to dismiss the complaint which, I conclude, was filed untimely.

### II.

■ Resolution of this controversy depends upon an interpretation of various

---

1. While the plaintiff captioned its pleading as a complaint to prohibit the discharge of its particular debt, which would be brought under the aegis of 11 U.S.C. § 523 and Bankruptcy Rule 4007, the body of the complaint states that the action is brought pursuant to 11 U.S.C. § 727(a)(4), which is an objection to the bankruptcy and which, if successful, would serve to deny the debtor discharge in bankruptcy. Such an action is governed by Bankr.R. 4004. At the hearing on the Motion to dismiss the parties treated this as an objection to discharge in bankruptcy under Rule 4004. I note though, as explained *infra*, that the outcome of the instant dispute would be the same regardless of which rule were applicable.

provisions of the Bankruptcy Rules and their counterparts under the former Bankruptcy Act. Of primary interest is Rule 4004, which states in pertinent part:

(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... Not less than 25 days notice of the time so fixed shall be given to all creditors as provided in Rule 2002(f) and to the trustee and the trustee's attorney.

(b) Extension of Time. On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Thus, the time within which a party may object to discharge is set automatically by the bankruptcy rule as no later than 60 days after the first date set for the § 341(a) meeting of creditors. (Here, the filing deadline was January 16, 1989.) This provision is widely understood to require a literal reading and require that complaints be so filed even if the meeting is continued to a later date. *E.g., In re Hill*, 811 F.2d 484 (9th Cir.1987); *In re Rhodes*, 71 B.R. 206 (9th Cir.BAP 1987); *In re Bartlett*, 87 B.R. 445 (Bankr.W.D.Ky.1988); *In re Tieman*, 73 B.R. 22 (Bankr.S.D.Ohio 1987); *In re McDowell*, 57 B.R. 310 (Bankr.M.D.Pa. 1986), *aff'd*, 85 B.R. 717 (M.D.Pa.1986).[2] Certainly, this is the result in this district. *In re Reppert*, 84 B.R. 37 (Bankr.E.D.Pa. 1988); *In re Betinsky*, 58 B.R. 814 (Bankr. E.D.Pa.1986); *In re Yancey*, 46 B.R. 621, 623 (Bankr.E.D.Pa.1985). *Compare F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24 (8th Cir.1985) (conversion of case from chapter 11 to chapter 7 generates new time period for filing dischargeability complaints). *But see In re Keefe*, 48 B.R. 717, 719 (Bankr.D.S.D.1985) (holding that 60 day filing period under Rule 4007(c)

begins to run from the first date when a § 341 meeting of creditors, at which the debtor appears, is held).

The procedure established by Rule 4004(a) is a departure from prior bankruptcy Rule 404(a), under which the court was privileged to enter an order setting the time for filing complaints within a period not less than 30 days nor more than 90 days subsequent to the first date set for the meeting of creditors. *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir.1987); *In re Figueroa*, 33 B.R. 298 (Bankr.S.D.N.Y. 1983). The current Bankr.Rule 4004(a) removed the prerogative of setting the date from the court, thereby providing uniformity as to the precise date for filing complaints objecting to discharge.

Subsection (b) of Rule 4004 is also a departure from prior practice in that a party in interest must now request an extension of time to file by way of motion and before the 60 day period has elapsed. Under former Rule 404(c), the bankruptcy judge was empowered to extend the time *sua sponte*. This change was fortified by the adoption of Rule 9006(b)(3), which allows the court to enlarge the time for filing a complaint under 4004(a) or 4007(c) "only to the extent and under the conditions stated in those rules." Its predecessor, Rule 906(b), allowed the court to grant a late-filed request for an extension of time for "excusable neglect." *See, e.g., In re Magouirk*, 693 F.2d 948 (9th Cir.1982). Current Rule 9006(b)(3), however, forbids enlargement of time for excusable neglect. "It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim." *In re Figueroa*, 33 B.R. at 300. *See also Neeley v. Murchison*, 815 F.2d at 346; *In re Hill*, 811 F.2d at 486; *In re Rhodes*, 61 B.R. at 629–30; *In re Kirsch*, 65 B.R. 297, 300 (Bankr.N.D.Ill. 1986). *Accord, e.g., In re Lane*, 37 B.R. 410, 414 (Bankr.E.D.Va.1984).

---

**2.** In contrast, Bankr.R. 4003(b) permits objections to be filed to the debtor's exemption claim

"within 30 days *after the conclusion* of the meeting of creditors...." (emphasis added).

Furthermore, for purposes of this analysis Bankruptcy Rule 4007(c) is virtually identical to Rule 4004(a), (b), and provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

This rule too departs from prior practice; former Rule 409(a)(2) set a limitations period of not less than 30 nor more than 90 days after the first date set for the § 341(a) meeting for filing complaints. While the court set the deadline under the former rule, the deadline is now created automatically for complaints to discharge of a debt, pursuant to § 523(a)(2), (4), and (6). Thus, decisions interpreting Rule 4007(c) are relevant to the instant controversy. *In re Anwiler,* 99 B.R. 41 (Bankr.S.D.Cal.1989).

### III.

■ The creditor argues that the filing of this adversary proceeding should be allowed as timely because plaintiff justifiably relied on notice sent out by the bankruptcy clerk's office. I conclude, for the reasons stated below, that this position is without merit.

Numerous courts have observed, in a variety of factual settings, that notices sent by the bankruptcy clerk setting erroneous deadlines do not excuse a creditor's failure to comply with the 60 day limit as long as the creditor knew of the bankruptcy filing. As the rules have removed from the bankruptcy court the discretion to set the deadline date, as the court may no longer *sua sponte* extend that deadline and

may no longer extend the expired deadline upon the excusable neglect of a party, and as a motion to extend may now be brought only before the statutory 60 day period has expired, I am persuaded that a literal and strict reading of the rules is required. That is, as the bankruptcy court's discretion in this area has been eroded by carefully considered rules, the court should be cautious in exercising any equitable power. *Accord, e.g., In re Lane. See In re Anwiler,* 99 B.R. at 45–46; *In re Rhodes,* 61 B.R. at 630; *In re Barr,* 47 B.R. 334 (Bankr.E.D.N.Y.1985).

Thus, in *Neeley v. Murchison,* it was held that where written notice from the clerk's office failed to supply the deadline for filing objections to discharge, and employees of that office erroneously informed the attorney, after inquiry, that no such date had been set, a creditor could nonetheless not file a complaint past the 60 day period. Similarly, in *In re Hill,* the court would not allow the exercise of equitable power to permit a late complaint where the plaintiff relied on the clerk's office erroneous date, one well past the 60 day limit. *Accord In re Anwiler* (notices of two dates for filing deadline sent by bankruptcy court clerks' offices: first by clerk where petition originally filed, second by clerk of transferee court; change of venue prior to § 341(a) meeting was not a basis for setting new deadline and no equitable basis existed for extending the time); *In re Lewis,* 71 B.R. 633 (Bankr.N.D.Ill.1987) (concluding that rules 4004, 4007 and 9006(b)(3) create an absolute statute of limitation); *In re Gardner,* 55 B.R. 89 (Bankr.D.C.Cir. 1985) (complaint untimely filed even though within time set by clerk's office, which erroneously set date 62 days after § 341 meeting). *Cf. In re Kirsch* (creditor could not claim reliance on a mistaken docket; held that R. 9006(b) is jurisdictional and cannot be waived).[3]

Such decisions requiring a strict reading of the bankruptcy rules at issue are in

---

**3.** *See also* F.R.Civ.Pro. 77(d) (incorporated by Bankr.R. 9022(b)). The rule that lack of notice of the entry of an order or judgment by the court's clerk does not affect the time to appeal

or relieve or authorize the court to relieve a party for failure to appeal within the time allowed is unconditional. *E.g., Polylok Corp. v. Manning,* 793 F.2d 1318 (D.C.Cir.1986).

harmony with the policies underlying the evolution of these rules, as outlined above: the need for uniformity and expeditious judicial administration of bankruptcy cases. Requiring creditors to file objections to discharge within 60 days of the date first set for the meeting of creditors furthers the "fresh start" goals of bankruptcy, requiring creditors "to promptly join their exceptions to discharge of debt and objections to discharge, so a petitioning debtor will enjoy finality and certainty and relief from financial distress as quickly as possible." *In re Harrison,* 71 B.R. 457, 459 (Bankr.D.Minn. 1987). *See, e.g., In re Hill,* 811 F.2d at 487 (the rules seek to further the prompt resolution of bankruptcies). *See also In re Falk,* 96 B.R. 901, 905 (Bankr.D.Minn. 1989); *In re Sam,* 94 B.R. 893, 898 (Bankr. W.D.La.1988); Advisory Committee Note (1983) to Rule 9006 ("In the interest of prompt administration of bankruptcy cases certain time periods may not be extended").[4] Thus, the rules reflect the notion "that bankruptcy in the life of an individual is a passing phenomenon, after which life must go on. The viability and rapidity of that process is the essence of the discharge in bankruptcy and related fresh start doctrine." *In re Klein,* 64 B.R. 372, 375 (Bankr.E.D.N.Y.1986). Furthermore, by requiring prompt and early creditor action on discharge issues, the debtor and his or her creditors are enabled to know early in the proceeding where they stand, which allows them to make better informed decisions regarding the bankruptcy case in its entirety. *Neeley v. Murchison,* 815 F.2d at 346–47.

There is, of course, a line of cases which arguably hold the contrary, concluding that a creditor who receives no notice or misguiding notice from the bankruptcy clerk will not be barred from filing an untimely complaint. *See South Dakota Cement Plant v. Jimco Ready Mix Co.,* 57 B.R. 396

(D.S.D.1986); *Matter of Hershkovitz,* 101 B.R. 816 (Bankr.N.D.Ga.1989); *In re Riso,* 57 B.R. 789 (D.N.H.1986); *In re Sibley,* 71 B.R. 147 (Bankr.D.Mass.1987); *In re Schwartz & Meyers,* 64 B.R. 948 (Bankr.S. D.N.Y.1986); *In re Hickey,* 58 B.R. 106 (Bankr.S.D.Ohio 1986). I find several of these cases distinguishable on the facts and, further, to the extent their analyses depart from the one I adopt, I respectfully disagree.

*Jimco Ready Mix* and *Schwartz & Meyers* involved the inadvertent failure of the clerk to transmit notice of the deadline prior to its expiration. The courts found that the notice requirements of Rules 4007(c) and 4004(a) were mandatory, requiring that the court must give all creditors not less than 30 or 25 days notice respectively of the time fixed for filing complaints. "That sentence [of Rule 4007(c) ] appears to be the necessary predicate and trigger to the running of the 60 day period. We so hold." *In re Schwartz & Meyers,* 64 B.R. at 953. This analysis is inapplicable to the instant controversy, where sufficient notice, the necessary predicate, was given, and the creditor had actual notice of the bankruptcy case.

*In re Riso* involved a chapter 7 case filed in a Florida court, from which the clerk's office sent notice of the deadline for filing complaints. Venue was then transferred to New Hampshire, where the court staff erroneously sent out notice of a new deadline. A creditor who relied on the second notice was allowed to file what would otherwise have been an untimely complaint, as the bankruptcy court concluded that it "has the inherent equitable power to correct its own mistake [in order to prevent] an injustice." 57 B.R. at 793.[5] There, the new notice was sent on a form which was imprinted with the words "By the Court, James E. Yacos, Bankruptcy Judge," although it was not signed by the judge.

---

4. Advisory Committee notes to procedural rules properly are used as aids to the interpretation of those rules. *In re Grossman,* 80 B.R. 311, 314 n. 9 (Bankr.E.D.Pa.1987).

5. A creditor in *Riso* had requested and received an extension of time within which to file an objection to discharge, and a different creditor

filed its objection to discharge in reliance on the extension, notice of which the Clerk's office apparently sent to all creditors (that is, the objector filed after the deadline as set for him but before the expiration of the erroneous deadline).

The court reasoned that reliance by the creditor on the mistaken deadline outweighed the prejudice to the debtor where both were equally innocent. To the extent that *Riso* stands for the proposition that a creditor may rely on an apparent order of the court setting deadlines, and that the court may extend the objection deadline to correct one of its "own" mistakes, finding authority to do so under 11 U.S.C. § 105, it is inapposite to the case *sub judice*. Accord *In re Anwiler*. See also *Matter of Hershkovitz*.

Here, the notice was sent on court stationery under the name Michael E. Kunz, as "Clerk of the Bankruptcy Court." The name of the judge assigned to the case appears as just one of the pieces of information that is supplied by the clerk; the form cannot be read as being issued by the judge so identified. There is no imprint of a bankruptcy judge's name on the form; nor does a signature of a judge appear. The form does "order" certain events, but I cannot conclude that an attorney reading this form would understand it to represent an order issued by the Bankruptcy Court through one of its judges.[6] *Compare In re Hickey* (holding that a court has inherent power to remedy defaults which arise out of the court's own errors: "... litigants who reasonably rely on dates established by an order of this Court will not be deprived of their day in court simply because of a clerical error committed by the Court itself...."). Thus, as *Riso* and *Hickey* turn on the conclusion that the parties relied upon an order of the court, rather than upon a notice of the clerk, they are on that basis distinguishable. *See also In re Falk* (local rule wrongly permitted complaint to be filed past limit established by Bankr.R. 4007(c)). *Compare In re Burke*, 95 B.R. 716 (9th Cir.BAP 1989) (where clerk's office sent consecutive notices of two different filing deadlines, and where subsequent order of bankruptcy court specifically stated that first notice has been sent "due to inadvertence and clerical error," and that that notice was "vacated in its entirety,"

debtor/defendant could not allege that complaint filed after date of first notice and before second noticed date was untimely).

I acknowledge that the recent decision in *Hershkovitz* is factually similar to the matter *sub judice* (absent the fact that there the clerk's notice contained the judge's name at the bottom, thus possibly suggesting that it was an order of the court) and that the court there permitted the creditor to file a dischargeability complaint within the time fixed by the erroneous notice. Respectfully, I disagree with that decision. Unless that decision is viewed as one allowing justifiable reliance upon a document reasonably interpreted as a court order, it holds that a party may reasonably rely upon information provided by a clerk of court even if express procedural rules are to the contrary. Such a conclusion, especially in light of the evolution of Rules 4004 and 4007, is of questionable soundness; reliance upon information provided by a court clerk which contradicts a rule of procedure is not reasonable.

The creditor in this case had actual notice of the bankruptcy and had the opportunity to file, in a timely fashion, a motion requesting an extension of the filing deadline if it was confused by receipt of the second notice and the instructions provided by Rule 4004. *In re Sam; In re Lewis*. To the extent the creditor argues that it is prejudiced by not being able to examine the debtor prior to the first deadline for filing complaints, I disagree that its untimely complaint should therefore be allowed. The same remedy for creditors who have not had the opportunity to question the debtor before the filing deadline is provided by the rules: they may seek an extension of time to file. *In re Bartlett*, 87 B.R. at 446. *See also In re Reppert*, 84 B.R. at 37. In essence, the plaintiff would have me agree with the decision of *In re Keefe*, which held that the 60 day deadline set by Rule 4007(c) is counted from the date of the § 341 meeting at which the debtor first

---

6. It is long held that clerks of the court are ministerial officers and may not assume judicial powers. *Midwestern Developments, Inc. v. City of Tulsa*, 319 F.2d 53 (10th Cir.1963), *cert. denied*, 379 U.S. 989, 85 S.Ct. 702, 13 L.Ed.2d 610 (1965).

appears. That court reasoned that "unnecessary examinations and complaints, much duplication of effort, and considerable expense" would otherwise result. *Id.*, at 718. This conclusion, as noted earlier, has been properly rejected in this district.

I agree that the result I reach "is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations...." *In re Kirsch,* 65 B.R. at 300. I note that, where the complaining creditor has not received actual notice of the filing deadline, a judicially-created exception to these rules may be necessary to avoid a highly inequitable result. *In re Barr,* 47 B.R. at 336. *See also In re Eliscu,* 85 B.R. 480 (Bankr.N.D.Ill.1988) (creditor had no knowledge of the bankruptcy case until well after filing deadline had expired; deadline extended on due process and equitable grounds). The Ninth Circuit Bankruptcy Appellate Panel apparently agreed, in *In re Rhodes,* 61 B.R. at 630, that in circumstances where no notice of the deadline was given, such relief should be available. However, I cannot conclude that this dispute is a matter that warrants the judicial modification of the rules. *Cf. Matter of McGuirt,* 879 F.2d 182 (5th Cir.1989) (in rejecting suggestion that a motion for relief from stay should be treated as the equivalent of a complaint filed under Rule 4007(c), the court reiterated a need for strict application of deadline so imposed). *Compare Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d Cir.1978) (proofs of claim must be filed timely, for to permit a late filing on equitable grounds would "destroy the objective of finality which Congress obviously intended to promote"); *In re Stern,* 70 B.R. 472, 476 (Bankr.E.D.Pa.1987) (disallowing a late filed proof of claim, and acknowledging that although the result "may seem inequitable, the establishment of a limitations period inevitably causes hardship to those who fail to act timely").

There is a significant and meaningful distinction between the rights of a creditor who had no knowledge of a pending bankruptcy proceeding and those of one who knows of the bankruptcy filing but chooses to rely upon information offered by the clerk of court rather than upon the clear dictates of duly promulgated procedural rules. The former creditor has no reason to concern him or herself with proper procedure and filing deadlines; the latter does. Only the latter is in a position to compare the information provided with the procedural rules and, if uncertain, file a protective motion before the 60 day deadline expires. If such a motion is not filed, the policy considerations embodied in Rule 4004(a) must prevail.

An appropriate order shall issue.

## ORDER

AND NOW, this 19th day of September, 1989, upon consideration and for the reasons stated in the accompanying Memorandum Opinion, the debtor's motion to dismiss this adversary proceeding is hereby GRANTED.