**In re William F. REICHMEIER, Debtor.**

**ALLIED FIDELITY INSURANCE CO. & John J. Dillon, Plaintiffs,**

**v.**

**William F. REICHMEIER, Defendant.**

**Bankruptcy No. 90–43068–2.**
**Adv. No. 91–4055–2.**

United States Bankruptcy Court,
W.D. Missouri.

July 25, 1991.

Elizabeth R. Sauer, Kansas City, Mo., for plaintiffs.

Steven C. Block, Kansas City, Mo., for debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed his petition for relief on November 30, 1990. The clerk issued the FJC/Bancap 3320 trn 341 Notice form which is regularly used to transmit to all creditors, inter alia, the notice of the filing of the case, the debtor's name, his counsel's name, the case number, the date and time of the Section 341 meeting and the Filing Deadlines for Section 523(c) and Section 727 complaints. That notice was issued December 6, 1990 and listed January 3, 1990 (sic) as the date for the Section 341 meeting and March 5, 1990 (sic) as the date for the filing deadlines. In fact and in truth the filing deadlines should have read March 4, 1991 rather than March 5, 1990 because that marked the expiration of the 60 days from January 3rd as mandated by Bankruptcy Rule 4007.

The issue raised is may the complaining creditor which filed its Section 523(c) complaint on March 5, 1991, rely on the erroneous date supplied by the clerk's office at the commencement of the case? This Court concludes that a creditor who receives, by official form, an erroneous date from the clerk's office and relies thereon, may do so without being penalized. However, this would only be true where the error was minor and would not have been apparent on its face.

Numerous courts have considered the problem and the results are not uniform. Those courts holding as this Court does rely on a number of reasons. For example in *In re Sibley*, 71 B.R. 147 (Bkrtcy. D.Mass.1987) the court stated:

> "The bankruptcy court when confronted by a late dischargeability complaint due to an error in its clerk's notice, may use its inherent equitable powers and allow the complaint to stand if equity would be served by ignoring the technical tardiness".

For example, in *Matter of Hickey*, 58 B.R. 106 (Bkrtcy.S.D.Ohio 1986):

> "Litigants who reasonably rely on dates established by an order of this court will not be deprived of their day in court simply because of a clerical error committed by the court itself, especially when that error in no way prejudices the rights of any party".

For example, in *In re Schoofs*, 115 B.R. 1 (Bkrtcy.Dist.Col.1990):

> "The courts holding that they are powerless to excuse untimely filings made in reliance upon clerical error have given little or no weight to the clear mandate of Rules 4004 and 4007 that notice of the filing deadlines *shall* be given by the clerk of the court".

All of these reasons are defensible but it seems to the author that one other factor needs to be taken into account. Where error by the tribunal or its clerk occurs, that error should profit neither party and harm neither party. The vehicle that a court uses to insure such a result is less important than making sure that such a result occurs.

There are a number of courts that disagree with this Court's just expressed belief as well as the cases cited in the earlier paragraphs of this opinion. For example, *In re Gardner*, 55 B.R. 89 (Bkrtcy. D.D.C.1985) indicates that the correct date

is a "deadline set in stone". For example, *In re Kirsch*, 65 B.R. 297 (Bkrtcy.N.D.Ill. 1986) holds that the court lacks jurisdiction to do anything once 60 days have passed. Finally, the Fifth Circuit has issued *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) facially holding to the contrary. However that case seems distinguishable in that the clerk there issued the notice sans any deadline date. Moreover, in footnote 5 at pg. 347 the *Neeley* court stated:

> "For example, today's case is not one in which the clerk gave an affirmative but erroneous notice of a bar date upon which the creditor might reasonably have relied". *See In re Riso*, 57 B.R. 789 (D.N.H.1986) (after a change in venue, the creditor reasonably relied on the second clerk's erroneous notice).

That footnote leads this Court to believe that *Neeley* would not have been decided the same way it was had the clerk given an erroneous date on the notice rather than erroneously leaving the form blank.

■ Debtor raises one final argument, i.e., that the clerk's notice was patently in error on its face. Because it said March 5, 1990 instead of March 5, 1991, debtor asserts that the creditor could not rely on the notice because it had to be in error. If the undersigned had less difficulty with drawing personal checks containing the proper year during the first month or so of each new year, this argument might weigh more heavily in the balance. The use of the current year rather than the future year during the month of December in announcing a date to occur after January first does not convince this Court that patent error exists which should alert recipients that they cannot rely on the month and day announced. Accordingly, debtor's Motion To Dismiss the complaint is OVERRULED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.