# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

01-6052MN

_____

In re: Deanna M. Perkins      *
     *
     Debtor      *
     *
Landmark Community Bank, N.A.      *
     *
     Plaintiff - Appellant      *
     *   Appeal from the United States
     v.      *   Bankruptcy Court for the
     *   District of Minnesota
Deanna M. Perkins      *
     *
     Defendant - Appellee      *

_____

Submitted: December 4, 2001
Filed: January 9, 2002
_____

Before KOGER, Chief Judge, WILLIAM A. HILL and SCHERMER, Bankruptcy
Judges.

_____

KOGER, Chief Judge.

Landmark Community Bank appeals from an order of the bankruptcy court
dismissing its 11 U.S.C. § 727 adversary complaint against Deanna M. Perkins on the
grounds that it had been untimely filed and equitable reasons did not exist to extend
the filing deadline.  For the following reasons, we reverse.

## Factual Background

Landmark Community Bank ("Landmark") is a secured creditor of Deanna M. Perkins. On August 18, 2000, Perkins filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The First Meeting of Creditors was held on September 28, 2000, after which the Chapter 7 Trustee, Thomas F. Miller, filed a pleading entitled Trustee's Notice to Defer Automatic Entry of Discharge, which stated:

> The undersigned Trustee for the estate of the Debtors [sic] named above hereby reports that the §341 Meeting of Creditors scheduled for September 28, 2000 has not been concluded and requests that the Court defer entry of discharge under Local Rule 4004-3.
> The Trustee hereby reports that on this date a copy of this statement deferring entry of discharge has been served and filed under Local Rule 2003-1.

On October 11, 2000, the bankruptcy court entered a form Order Deferring Discharge and For Debtors to Appear at Creditors Meeting ("Order Deferring Discharge"), which provided that:

1. The debtor(s) and the attorney for the debtor(s) shall appear in person at the date, time, and place fixed for the adjourned meeting of creditors as set by the trustee.
2. The time for serving and filing of objections to claims of exemption is extended in accordance with Rule 4003(b) F.R.Bkr.P.
3. Pursuant to Local Rule 4004-3, entry of an order granting a discharge to the debtor(s) is deferred until **01/08/01**.
4. The trustee shall file a report immediately after the conclusion of the meeting of creditors.
5. The clerk shall forthwith mail copies of this order to the debtor(s), the attorney for the debtor(s), the trustee, and the United States Trustee.

2

After the bankruptcy court entered the Order Deferring Discharge, Trustee Miller operated under the premise that the order extended the time in which to file dischargeability complaints against Perkins until January 8, 2001. Miller shared this belief with counsel for Landmark. Since 1983, Miller has served as a trustee in over 10,000 Chapter 7 cases in the District of Minnesota, and has used the automatic deferral of entry of discharge procedure under Local Rule 4004-3 about fifteen times. It is Miller's opinion that the great majority of trustees and bankruptcy practitioners in the District of Minnesota also construe the form Order Deferring Discharge to extend the time in which to file a complaint objecting to discharge or dischargeability of a debt against a debtor.[1]

After the entry of the Order Deferring Discharge, the electronic case file on the website for the United States Bankruptcy Court for the District of Minnesota showed two different deadlines for filing objections to discharge in Perkins' bankruptcy case: November 27, 2001, and January 8, 2001. According to an affidavit submitted by Landmark's attorney, Steven E. Ness,[2] upon inquiry, a bankruptcy court clerk told an attorney in his office that January 8, 2001, was the deadline by which to file a

---

[1] In support of its defense against Perkins' motion to dismiss, Landmark submitted to the bankruptcy court an affidavit prepared by the Chapter 7 Trustee. The affidavit in the record on appeal is unsigned. During oral argument, Landmark's counsel informed us that the Trustee did sign the original affidavit, and further explained that the signature was missing because the affidavit had been filed electronically with the bankruptcy court.

[2] During the hearing on Perkins' motion to dismiss, the bankruptcy court rejected this affidavit on the grounds that it was lacking foundation, incompetent and based on hearsay. However, Landmark's counsel is an officer of the court, and we accept as true his statement made to us during oral argument that an attorney in his office contacted the bankruptcy court clerk's office in an attempt to resolve the ambiguity surrounding the existence of the two bar dates contained in the electronic case file, and that a bankruptcy court clerk stated that the bar date for filing a section 727 complaint was January 8, 2001.

complaint objecting to discharge. Perkins' counsel also admitted being confused by the presence of two bar dates in the electronic case file. It is undisputed that no party in interest filed a motion to extend the period of time in which to file a complaint objecting to Perkins' discharge.

On January 5, 2001, Landmark filed a complaint under 11 U.S.C. § 727 objecting to Perkins' discharge, and filed an amended section 727 complaint on January 8, 2001. Perkins filed an answer to the complaint, and the matter was set for trial. The parties engaged in discovery. Landmark filed a motion for summary judgment to which Perkins filed a response. Following a hearing, the bankruptcy court denied Landmark's motion for summary judgment. Thereafter, in anticipation of the trial in this matter, the parties filed witness lists, exhibit lists and trial briefs. On the date of trial, the bankruptcy court questioned whether the complaint had been timely filed under Federal Rule of Bankruptcy Procedure 4004, continued the trial and encouraged Perkins to file a motion to dismiss the complaint, which she did. Prior to the bankruptcy court's inquiry, the attorney for Landmark, the attorney for Perkins and the Chapter 7 Trustee were all operating under the premise that January 8, 2001, was the section 727 bar date.

At the hearing on Perkins' motion to dismiss, Landmark contended that the bankruptcy court's October 11, 2000 Order Deferring Discharge operated to extend the deadline to January 8, 2001. Alternatively, Landmark asserted that the Chapter 7 Trustee's advice that January 8, 2001, was the deadline, combined with the information contained in the electronic case file on the court's website and the bankruptcy court clerk's assurance that the bar date was January 8, 2001, provided equitable grounds upon which to extend the bar date to January 8, 2001. The bankruptcy court rejected all of Landmark's arguments, and dismissed the complaint finding that the order of October 11, 2000, did not operate to extend the original filing deadline of November 27, 2001, and that no equitable reasons existed to extend the bar date.

4

On July 18, 2001, the bankruptcy court filed a summary order memorializing its dismissal of Landmark's complaint. Landmark timely appealed, challenging the bankruptcy court's decision that no equitable grounds existed upon which to extend the section 727 filing deadline to January 8, 2001. Landmark does not contest the bankruptcy court's ruling that the Order Deferring Discharge did not operate to extend the bar date, and conceded at oral argument that this order on its face did not extend the deadline to file either a section 523 or section 727 complaint.

Standard of Review

In Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631, 633 (6ᵗʰ Cir. 1994)(citations omitted), the Sixth Circuit Court of Appeals enunciated the appropriate standard of review of a bankruptcy court's failure to exercise its equitable powers to extend the deadline by which to file a nondischargeability complaint:

> In a bankruptcy proceeding, the bankruptcy court is the finder of fact. . . . On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews de novo the bankruptcy court's conclusions of law. . . . On appeal to this court, we consider the judgment of the bankruptcy court directly, using the same standards of review as the district court. . . .
>       . . . .
> We now consider whether the United States Bankruptcy Court for the Western District of Tennessee abused its discretion in failing to exercise its equitable powers and accept plaintiff's complaint. Because a second bar date was erroneously set in this case and because plaintiff filed a complaint within the time frame of that deadline, whether the bankruptcy court in this case abused its discretion turns upon whether plaintiff reasonably relied on the second bar date. . . . If plaintiff reasonably relied on that date, then the bankruptcy court abused its discretion in failing to exercise its equitable powers and permit the complaint to proceed. . . . Whether plaintiff reasonably relied on the

5

second bar date is a question of law, and thus our review of the bankruptcy court's decision in that respect is de novo.

Discussion

Federal Rule of Bankruptcy Procedure 4004 provides in relevant part:

**(a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . At least 25 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

**(b) EXTENSION OF TIME.** On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

**(c) GRANT OF DISCHARGE.**
. . . .
(2) Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within, the court may defer entry of the order to a date certain.

Fed. R. Bankr. P. 4004.

Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(3), a bankruptcy court may enlarge the time for taking action under Bankruptcy Rule 4004(a) "only to the extent and under the conditions stated in [the] rule." Fed. R. Bankr. P. 9006(b)(3). The language in Rules 4004(b) and 9006(b)(3) is clear, the bankruptcy

6

court may extend the section 727 deadline only upon a motion made by a party in interest prior to the expiration of the deadline and after a hearing on the matter. There is no question that the foregoing procedure was not followed in this case, and, accordingly, the section 727 bar date was not extended as provided by Rule 4004(b).

> According to Minnesota Local Rule of Bankruptcy Procedure 4004-3:

> If the trustee in a chapter 7 case serves and files a verified statement under Local Rule 4003-1 that the meeting of creditors has not been concluded, the court may defer entry of discharge until the case is closed or the trustee files a report stating that the meeting has been concluded, whichever occurs first.

We believe that Local Rule 4004-3 merely does what it purports to do, and that is defer the entry of the discharge order upon the filing of a verified statement by the Chapter 7 case trustee. Because the procedure for extending the section 727 deadline is not followed in Minnesota Local Rule 4004-3, the local rule cannot operate to extend same. Accordingly, the bankruptcy court's October 11, 2000 Order Deferring Discharge did not operate to extend the section 727 bar date, and clearly on its face, as Landmark's counsel concedes, the Order Deferring Discharge did not extend the filing deadline. However, there appears to be confusion among bankruptcy practitioners and Chapter 7 case trustees, in addition to bankruptcy court clerk's office personnel, regarding the operating effect of an order issued pursuant to Minnesota Local Rule 4004-3. In this case alone, Landmark's counsel, Perkins' counsel, the Chapter 7 Trustee, the clerk's office employee who input the new section 727 deadline into the electronic case file after the bankruptcy court entered the October 11, 2000 Order Deferring Discharge and the clerk's office employee who verified that the new section 727 deadline was January 8, 2001, when contacted by Landmark's counsel were all confused by the effect of the Order Deferring Discharge

entered by the bankruptcy court.[3]  After the entry of the October 11, 2000 Order Deferring Discharge, the foregoing individuals were operating under the presumption that January 8, 2001, was the section 727 deadline.

This court has previously examined whether a bankruptcy court may apply equitable principles to extend the bar date by which a complaint objecting to discharge or dischargeability of a debt must be filed.  In KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman), 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998)(citations omitted), this court stated that: "Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure establish time limits for filing complaints objecting to discharge of a debtor or to dischargeability of a debt.  These rules are analogous to statutes of limitations and are strictly construed."  In Block v. Moss (In re Moss), 266 B.R. 408, 414 (B.A.P. 8th Cir. 2001)(citation omitted), this court expanded upon the principles enunciated in Bozeman and opined that Rule 4004 "is not jurisdictional but, rather, subject to the defenses of waiver, estoppel and equitable tolling."  See also Moss v. Block (In re Moss), 266 B.R. 697, 700 n.4 (B.A.P. 8th Cir. 2001)(Rules 4004 and 4007 "are not jurisdictional in nature, but instead are subject to the defenses of waiver, estoppel and equitable tolling.").

In the normal course, the procedural requirements of Rule 4004 must be followed in order to extend the deadline for filing objections to a debtor's discharge; a bankruptcy court may not extend the time sua sponte.  See Block v. Moss (In re Moss), 266 B.R. at 413.  However, in both of the foregoing Moss cases, this court sanctioned the consideration of equitable grounds as a means for extending the section 523 and 727 deadlines.  Indeed, in Block v. Moss (In re Moss), this court affirmed the bankruptcy court's ruling allowing an untimely filed complaint objecting to the debtor's discharge to move forward because the chapter 7 trustee had relied

---

[3] Perkins' counsel admitted at the hearing on the motion to dismiss that he was confused.

upon a previous order in which the bankruptcy court had improperly <u>sua</u> <u>sponte</u> extended the deadline by which to file a complaint objecting to discharge or dischargeability of a debt. <u>Id.</u> We likewise hold that a bankruptcy court may extend the deadline by which to file a complaint objecting to a debtor's discharge or dischargeability of a debt, if equitable grounds exist for doing so.

We turn now to an examination of whether Landmark's reliance on the January 8, 2001 deadline was reasonable, and, if so, whether the bankruptcy court abused its discretion by failing to extend the bar date. We find instructive the Sixth Circuit Court of Appeals opinion in <u>Nicholson v. Isaacman (In re Isaacman)</u>, 26 F.3d 629 (6th Cir. 1994). In that case, the debtor had filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia on March 19, 1992. The Georgia bankruptcy court clerk's office notified creditors that the deadline by which to file a complaint objecting to discharge or to determine the dischargeability of certain debts was June 29, 1992. Subsequently, the case was transferred to the Bankruptcy Court for the Western District of Tennessee. Thereafter, but prior to the expiration of the original bar date, the Tennessee bankruptcy court clerk's office notified creditors that the bar date was September 21, 1992. An attorney for the plaintiff/creditor called the Tennessee bankruptcy court clerk's office and was advised that the new bar date was September 21, 1992. On that date, the plaintiff filed a complaint in the Tennessee bankruptcy court seeking to have a debt owed to him by the debtor declared nondischargeable based on fraud. The debtor filed a motion to dismiss the adversary proceeding on the grounds that the complaint was untimely filed asserting that the bar date was the June 29, 1992 date set by the Georgia bankruptcy court, and not the September 21, 1992 date set by the Tennessee bankruptcy court. The bankruptcy court granted the debtor's motion to dismiss. The court recognized that it was within its equitable powers to accept the untimely filed complaint, however, it determined that the plaintiff's reliance on the September 21, 1992 bar date was unreasonable. The district court affirmed.

The Sixth Circuit reversed and remanded, ruling that the bankruptcy court and the district court erred in concluding that the plaintiff's reliance on the second bar date issued by the Tennessee bankruptcy court clerk's office was not reasonable. The Court opined:

> Bankruptcy Rule 4007(c) provides that where, as here, a creditor files a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c), the complaint "shall be filed not later than 60 days following the first date set for the meeting of creditors." Rule 4007(c) further states:
>
> > On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
>
> Rule 9006(b)(3) limits the ability of a court to enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that] rule[]." Taken together, these bankruptcy rules "prohibit a court from sua sponte extending the time in which to file dischargeability complaints." In re Themy, 6 F.3d 688, 689 (10th Cir. 1993). Thus, because there was no motion filed to extend the bar date set by the United States Bankruptcy Court for the Northern District of Georgia, under the bankruptcy rules, the bankruptcy court was not empowered to extend the bar date established by its clerk's office.
>
> The inability of a bankruptcy court to sua sponte extend the time in which to file dischargeability complaints, however, does not prevent a bankruptcy court from exercising its equitable powers under 11 U.S.C. § 105(a) in accepting an untimely filed complaint. In a substantially similar case, the Ninth Circuit in In re Anwiler, 958 F.2d 925 (9th Cir.), cert. denied, 506 U.S. 882, 113 S. Ct. 236, 121 L. Ed. 2d 171 (1992), stated as much. . . .
>
> > . . . .
>
> Under the circumstances of this case, we agree with the Ninth and Tenth Circuits that if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy

court should exercise its equitable powers and permit the complaint to proceed. To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts. . . .

       . . . .

Defendant argues that it was unreasonable for plaintiff to rely on the statements made by the bankruptcy court clerk regarding the applicable bar date. Defendant suggests that had the conveyance of the deadline been made by the bankruptcy judge himself or had it been issued in a notice signed or stamped by the bankruptcy judge, it arguably would have been reasonable for plaintiff to rely on such a deadline. Defendant argues, however, that because plaintiff merely relied on the statements of a bankruptcy court clerk, such reliance is unreasonable because the statements lacked the indicia of a court order.

It is irrelevant that the second bar date was orally communicated by a clerk of the bankruptcy court rather than by a purported order of the court. In In re Kearney, 105 B.R. 260, 265 (Bankr. E.D. Pa. 1989), a case on which the bankruptcy court heavily relied, the court concluded that because the second bar date was communicated by way of a document under the name of the clerk of the bankruptcy court, it was unreasonable for a creditor to rely upon the information of a court clerk when such information contradicted a rule of procedure. We, however, are unwilling to condone such an outright disregard for the statements issued by a clerk's office. The clerk of the bankruptcy court and those who are under his or her direction are officials of the bankruptcy court itself. See In re Anwiler, 115 B.R. 661, 664 (9th Cir. BAP 1990), aff'd, 958 F.2d 925 (9th Cir.), cert. denied, 506 U.S. 882, 113 S. Ct. 236, 121 L. Ed. 2d 171 (1992); see also In re Cortes, 125 B.R. 418, 421 (E.D. Pa. 1991). Moreover, the clerk of the bankruptcy court, not the bankruptcy judge, is obligated under the bankruptcy rules to notify creditors of the time fixed for filing a complaint to determine the dischargeability of a debt. See Bankruptcy Rule 2002(f)(5) and Bankruptcy Rule 4007(c). If we were to agree with defendant's arguments, the effect would be that no individual would be allowed to reasonably rely on the communications of a clerk's office for the simple reason that those communications were issued by the clerk of the court or those under his or her direction. . . .

11

. . . .

In sum, we conclude that where a bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt before the first bar date has expired and where a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court abuses its discretion if it fails to exercise its equitable powers and permit the complaint to proceed. We further conclude that under the circumstances of this case, plaintiff was reasonable in relying on the second bar date issued by the clerk's office of the bankruptcy court for filing the complaint, and both the bankruptcy court and the district court erred in holding otherwise. Accordingly, we conclude that the bankruptcy court in this case abused its discretion in failing to exercise its equitable powers and permit plaintiff's complaint to proceed.

Isaacman, 26 F.3d at 631-36 (footnotes omitted). See also European American Bank v. Benedict (In re Benedict), 90 F.3d 50, 54 (2d Cir. 1996)(The Second Circuit recognized that the bar date for filing complaints objecting to discharge and the dischargeability of debts may be extended when the creditor was affirmatively misled by the bankruptcy court as to the filing deadline.); Themy v. Yu (In re Themy), 6 F.3d 688, 690 (10th Cir. 1993)("Although the provisions of Rules 4004 and 4007 are strictly enforced, courts have almost uniformly allowed an out-of-time filing when the creditor relies upon a bankruptcy court notice setting an incorrect deadline."); Allied Fidelity Ins. Co. v. Reichmeier (In re Reichmeier), 130 B.R. 539, 540 (Bankr. W.D. Mo. 1991)(The bankruptcy court relied upon its equitable powers to allow an untimely filed nondischargeability complaint to move forward when the plaintiff had relied upon an erroneous bar date supplied by the clerk's office, stating that when "a creditor who receives, by official form, an erroneous date from the clerk's office and relies thereon, may do so without being penalized.").

Here, the bankruptcy court clerk's office set a new deadline for filing section 523 and 727 complaints after the bankruptcy court entered the Order Deferring Discharge. The bankruptcy court published the new bar date in the electronic case

file on its website, and orally confirmed that January 8, 2001, was the section 727 deadline upon inquiry by one of Landmark's attorneys. The bankruptcy court clerk was wrong to establish a new bar date, but after careful consideration, we determine that Landmark reasonably relied on the January 8, 2001 deadline, and that under the facts of this case, the bankruptcy court abused its discretion by failing to exercise its equitable powers and permitting Landmark's section 727 adversary complaint to proceed. Influencing our decision is the fact that the federal court system is rapidly converting to electronic case filing, that eventually all of the bankruptcy courts will be conducting business predominately electronically and that parties need to be able to rely on information contained in a bankruptcy court's electronic case file, including bar dates published by a bankruptcy court clerk. The parties to a bankruptcy case must be able to have confidence in the electronic case filing system. Further, as pointed out by the Isaacman court, parties need to be able to rely on communications made by employees in the bankruptcy court clerk's office. When, as in this case, the information contained in the electronic case file on the bankruptcy court's website is confusing, the parties should be able to rely on the information given by a bankruptcy court clerk to resolve the confusion.

## Conclusion

We reverse the decision of the bankruptcy court dismissing the complaint filed by Landmark Community Bank, and remand for further proceedings consistent with this opinion.

SCHERMER, Bankruptcy Judge dissenting.

Because the Order of October 11, 2000, is unambiguous and was served upon Landmark, I respectfully dissent.

13

Federal Rule of Bankruptcy Procedure 4004(a) states unequivocally that in a Chapter 7 liquidation case a complaint objecting to the debtor's discharge under section 727 (a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a). Bankruptcy Rule 4004(b) provides that on motion from any party in interest, after hearing and notice, the court may for cause extend the time to file a complaint objecting to discharge. This rule requires a motion to be filed before the original 60 days has expired. In Taylor v. Freeland and Kronz, the Supreme Court made clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say and that violations of such deadlines cannot be ignored or excused. See Taylor v. Freeland and Kronz, 503 U.S. 638, 644, 112 S. Ct. 1644, 1648 (1992)("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

As the majority concedes, there is no question that the simple foregoing procedure was not followed in this case and the Section 727 bar date was not extended. Minnesota Local Rule of Bankruptcy Procedure 4004-3 simply allows the court to defer entry of discharge in certain circumstances. There is no hint therein that time for filing objection to discharge is extended relative to the deferral. Landmark's counsel concedes that the bankruptcy court's Order Deferring Discharge did not operate to extend the Section 727 bar date and did not extend the filing deadline. Although Landmark contends in its brief that it relied upon the Order Deferring Discharge, nowhere does it allege that the order is ambiguous. This is not a case where the "aggrieved" party was not served with the order. Here, Landmark timely had in its possession an unambiguous order from the court. Instead, Landmark's rationale is to seek interpretation of an unambiguous court order from the trustee and a deputy clerk of the court. The Order did what it says on its face and nothing more.

Although the source document (Order Deferring Discharge dated October 11, 2000) was clear and unambiguous, Landmark sought the advice of the Chapter 7

14

trustee. The trustee advised Landmark that the automatic deferral of entry of discharge procedure under Local Rule 4004-3 extended the time in which complaints to deny discharge may be filed, an interpretation held by many trustees and bankruptcy practitioners according to the trustee. If so, this interpretation and application would be in spite of and in conflict with Federal Rule of Bankruptcy Procedure 9006(b)(3), which allows a bankruptcy court to enlarge the time for taking action under Bankruptcy Rule 4004(a) "only to the extent and under the conditions stated in [the] rule." Fed. R. Bankr. P. 9006(b)(3). To extend the time to file a complaint denying discharge requires a motion of any party in interest before the original time bar expires. No such motion was ever filed; hence, the time bar date was never extended. For the trustee to assert and have advised Landmark's counsel that he had <u>also</u> received an enlargement of the time within which to object to discharge (<u>which he never asked for</u>) is unreasonable, and it is unreasonable to rely on such advice in the face of a clear and explicit Order of October 11, 2000, and applicable Rules. Congress could not have intended that clear, unambiguous, statutory provisions and court orders be thwarted by errant interpretations and practices of trustees and practitioners, nor should this court allow or encourage them to be likewise thwarted.

Next, Landmark contends that it relied upon the court's website.[4] The page in question listed two dates under the description "Objections to Discharge," one corresponding to the appropriate date pursuant to the applicable rule, and one that was entered in error. Clearly this would cause confusion and lead a reasonable practitioner to review the source document (the court's Order of October 11, 2000) underlying the unofficial listing on the website. A thorough and cautious practitioner might also look to an official secondary source such as the actual court docket or minute entry to eliminate the confusion. Landmark did neither, instead relying on a

---

[4] Attached to this opinion is a copy of the web page which Landmark relies upon.

15

third source, a computer compilation of dates, motions, and descriptions. The fact that this reliance worked to their advantage in the end is more than fortuitous.

Landmark also cites reliance on discussions with the United States Bankruptcy Court Clerk during which that clerk identified the latter date as the deadline for filing the Plaintiff's Complaint Objecting to Discharge. It is safe to assume that upon the request by Landmark to identify the time bar date, the clerk simply reviewed the same web page that Landmark had previously reviewed, and seeing the second entry for "Objections to Discharge", responded accordingly. There is nothing in the record to indicate the clerk went to the source document or secondary source documents to verify this assumption. Barring that, reliance upon discussions with the clerk who based his opinion upon the same misinformed web page suffers from the same maladies as those afflicting the web page, discussed above.

Finally, the majority relies almost entirely on <u>Isaacman</u> for support to invoke equitable powers. However, in <u>Isaacman</u> (and the cases cited therein), <u>the court</u> actually set a second bar date. In the case before us no such second bar date was ever established by <u>the court</u>. The trustee never asked for a second bar date, hence one was never granted by the court. If one was created by the inadvertence of a deputy clerk (see attachment) and the misunderstanding of the trustee, such inadvertence and misunderstanding do not equate to the formal establishment of a second bar date by <u>the court</u>.

The incentive we create today should be one that encourages practitioners to look at source documents, the Rules, the Code, and official docket entries rather than an incentive that encourages short-circuiting this process in favor of reliance on interpretations and practices of court officials or employees wrought with the possibility of human error. To allow Landmark to prosecute a complaint, filed approximately six weeks after the deadline, because of a mistaken and unreasonable interpretation of the trustee, a mistake on the bankruptcy court web page, or an

16

opinion of the deputy clerk based upon that web page, will encourage future quests for ambiguity where none exists. The majority would have a deputy clerk's entry on a web page or an unreasonable misinterpretation have the force of law, superceding the clear Federal Rules of Bankruptcy Procedure promulgated by Congress. I do not think this should be the case.[5] Accordingly, I would affirm the Order of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[5] The majority appears concerned about the precedent of parties relying upon court web pages ("the parties to the bankruptcy case must be able to have confidence in the electronic case filing system"). Minnesota does not use an electronic case filing system. Rather, the attached web page is a compilation derived by a deputy clerk from either the court Order of October 11, 2000, or docket entries created by the deputy clerk. The confidence which the majority refers should stem from a review of the court Order itself. Electronic case filing systems avoid the situation created in this case by allowing readers to view source documents (court orders) in PDF format.

## Meeting Date Schedules for Case : 0-80617

### Select and Click a button for meeting details.

| File Date | Set Date | Time | Date Held | Doc Number | Description |
|-----------|----------|------|-----------|------------|-------------|
| 12/14/00 | 01/04/01 | 02:00 | 01/04/01 | | Hearing (document) |
| 10/10/00 | 01/08/01 | 00:00 | **/**/** | | Objections To Discharge |
| 08/18/00 | 11/27/00 | 00:00 | **/**/** | | Objections To Discharge |
| 08/18/00 | 09/28/00 | 01:00 | 09/28/00 | | Meeting of Creditors |

**U S Bankruptcy Court - District of Minnesota**
**Page design last revised: October 27, 2000**

3 0